**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TONY E. EMERY, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE & FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendants. | Civil Action No. 19-3525 (JMC) |

## <u>MEMORANDUM OPINION</u>

Pro se Plaintiff Tony E. Emery brought this action against the United States Department of Justice (DOJ) and the Federal Bureau of Investigation (FBI) for failing to provide him records in response to his requests for information under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a.[1] The DOJ moved for summary judgment,[2] ECF 21, and Emery did not file a response. Because the FBI conducted an adequate search for Emery's records and has released all non-exempt, reasonably segregable records to him, the Court **GRANTS** the DOJ's Motion for Summary Judgment. Based on that disposition, the Court also **DENIES** Emery's Motion to Assess Court Costs to the Respondents. ECF 20.

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

[2] Although Emery named both the DOJ and the FBI as defendants in this case, the DOJ identifies itself as the only defendant in this action and the FBI as its "component." ECF 21 at 1. The D.C. Circuit has suggested that the FBI might be "subject to the FOIA in its own name." *Peralta v. U.S. Att'ys Off.*, 136 F.3d 169, 173 (D.C. Cir. 1998). However, it is unnecessary for this Court to determine if the FBI is a proper defendant because the Court's findings and conclusions warrant dismissal of Emery's case whether or not the FBI is included as a second defendant.

## I.  BACKGROUND

On August 29, 2019, Tony E. Emery requested records about himself from the FBI. ECF 21-2 at 39. Emery's request sought "all records, documents, and information [in FBI] files pertaining to [him] or mentioning [his] name" in the FBI's "[c]entral databases and field offices in Missouri." *Id.* On September 17, 2019, the FBI replied to Emery by letter, notifying him that the FBI had "conducted a search of the places reasonably expected to have records" and that it was "unable to identify law enforcement or administrative records responsive to Plaintiff's request." *Id.* at 4. The FBI's letter also advised Emery that he had the right to appeal its determination to the DOJ's Office of Information Policy, and included the instructions, the applicable deadline, and other pertinent information necessary for him to do so. *Id.* at 43.

Emery did not file an administrative appeal. *Id.* at 4. Instead, in November 2019, Emery initiated this action alleging that the DOJ and FBI violated FOIA and the Privacy Act by failing to produce records in response to his request. ECF 1. While Emery's lawsuit was pending, the FBI conducted a new, broader search for records that included additional field offices, also in Missouri. ECF 21-2 at 4. After expanding its search, the FBI located responsive documents and mailed the nonexempt records to Emery in January and March of 2021. *Id.* at 4–5.

More than two months after that disclosure, the DOJ filed its Motion for Summary Judgment. ECF 21. Because Emery is pro se, the Court issued an order to advise him of his obligation to respond to the DOJ's motion by the Court-imposed deadline. ECF 23. The Court's order set forth the requirements of Federal Rule of Civil Procedure 56 and Local Civil Rule 7(h), warning Emery that the Court could accept the DOJ's factual assertions as true if Emery did not dispute them with his own affidavits and evidence. *Id.* at 3. Emery never filed a response.

## II.  LEGAL STANDARDS

### A.  Summary Judgment

FOIA cases are typically decided at summary judgment. *See Laverpool v. Dep't of Hous. & Urban Dev.*, 315 F. Supp. 3d 388, 390 (D.D.C. 2018). A court will grant a summary judgment motion when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In FOIA cases, it is the defending agency's burden to prove it has complied with its obligations under the statute. *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989). To satisfy that burden, the "agency must prove that each document that falls within the class requested either has been produced, is unidentifiable[,] or is wholly exempt from the Act's inspection requirements." *Weisberg v. U.S. Dep't of Just.*, 627 F.2d 365, 368 (D.C. Cir. 1980). The court may accept as true any uncontested factual assertions in the moving party's affidavits or attachments, provided that that the nonmoving party (and in particular a pro se nonmoving party) has "fair notice of the requirements of the summary judgment rule" and the "consequences of failing to respond" to a summary judgment motion, as well as a "reasonable opportunity to submit" their own evidence in response. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

### B.  Exhaustion of Administrative Remedies

"Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003). Because FOIA's exhaustion requirement is "not a jurisdictional bar to judicial review," an agency's argument that a FOIA requester has failed to exhaust their administrative remedies is generally analyzed under Rule 12(b)(6). *Tereshchuk v. Bureau of Prisons*, 851 F. Supp. 2d 157,

161 n.5 (D.D.C. 2012); *see also Hidalgo*, 344 F.3d at 1260 (remanding with instructions to dismiss the complaint under Rule 12(b)(6) for failure to exhaust administrative remedies). That said, if the moving party's motion references matters outside the pleadings, as does the DOJ's motion in this case, a court must treat the motion as one for summary judgment. *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003).

### C.  Adequacy of Search

Under both FOIA and the Privacy Act, agencies have "an obligation . . . to conduct an adequate search for responsive records."[3] *Edelman v. SEC*, 172 F. Supp. 3d 133, 144 (D.D.C. 2016). "An inadequate search for records constitutes an improper withholding" under the statute. *Schoenman v. FBI*, 764 F. Supp. 2d 40, 45 (D.D.C. 2011). The adequacy of a search is determined not by its results, but by the means used to conduct it. *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003). In assessing the adequacy of an agency's search, "the court may rely on a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched." *Mobley v. CIA*, 806 F.3d 568, 580–81 (D.C. Cir. 2015) (further stating that such affidavits are "accorded a presumption of good faith").

### D.  Adequacy of Disclosures

Although "FOIA calls for broad disclosure of Government records," *Porup v. CIA*, 997 F.3d 1224, 1235 (D.C. Cir. 2021), an agency may withhold responsive records under any of the nine exemptions defined in 5 U.S.C. § 552(b). *Id.* To withhold a record, an agency must demonstrate both (1) "that the record falls within a FOIA exemption," and (2) "that the agency reasonably foresees that disclosure would harm an interest protected by the exemption." *Machado*

---

[3] The adequacy of the search for both FOIA and Privacy Act requests are analyzed under the same standard. *See Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1003 (D.C. Cir. 2009).

*Amadis v. U.S. Dep't of State*, 971 F.3d 364, 370 (D.C. Cir. 2020). An agency can show an exemption applies by "submitting affidavits that [1] describe the justifications for nondisclosure with reasonably specific detail, [2] demonstrate that the information withheld logically falls within the claimed exemption," and (3) which are not contradicted by the record or by evidence of bad faith. *Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just.*, 746 F.3d 1082, 1088 (D.C. Cir. 2014).

Even if some information in a responsive record is exempt from disclosure, any "reasonably segregable information" must be disclosed following redaction of the information that is exempt. 5 U.S.C. § 552(b). Non-exempt information is not reasonably segregable if it is "inextricably intertwined with [the] exempt portions" of a document. *Johnson v. Exec. Off. for U.S. Att'ys.*, 310 F. 3d 771, 776 (D.C. Cir. 2002). An agency may show it has satisfied its disclosure obligations by "(1) providing a Vaughn index[4] that adequately describes each withheld document and the exemption under which it was withheld; and (2) submitting a declaration attesting that the agency released all segregable material." *Nat'l Sec. Couns. v. CIA,* 960 F. Supp. 2d 101, 207 (D.D.C. 2013). Finally, agencies are entitled to a presumption that they disclosed all reasonably segregable material. *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007).

## III. ANALYSIS

The Court finds the DOJ's argument that Emery failed to exhaust his administrative remedies is moot, and therefore declines to grant the Motion of Summary Judgment on that basis. Instead, the Court grants the DOJ's Motion on the alternative ground that the FBI fully

---

[4] A Vaughn index is a standardized document "created by an agency to assist courts and FOIA requesters when the agency claims that responsive documents are exempt from disclosure." *Campaign for Responsible Transplantation v. Food & Drug Admin.*, 511 F.3d 187, 190 (D.C. Cir. 2007). The index is meant to "describe with reasonable specificity the material withheld" and justify why each responsive document is exempt from disclosure under FOIA. *See King v. U.S. Dep't of Just.*, 830 F.2d 210, 221 (D.C. Cir. 1987). When creating a Vaughn index, "[a] withholding agency must describe each document or portion thereof withheld, and for each withholding it must discuss the consequences of disclosing the sought-after information." *Id.* at 223–24 (emphasis omitted).

complied with the requirements of FOIA and the Privacy Act. Next, the Court denies Emery's

Motion to Assess Court Costs because he has not "substantially prevailed" in this litigation.

**A. The DOJ's argument that Emery failed to exhaust his administrative remedies is moot because the FBI's initial decision was overtaken by new and different in-court disclosures.**

FOIA requires a requester to exhaust their administrative remedies regarding an "adverse

determination made by the agency within its statutorily required administrative process." *Bayala*

*v. U.S. Dep't of Homeland Sec., Off. of Gen. Couns.*, 827 F.3d 31, 36 (D.C. Cir. 2016) (citing 5

U.S.C. § 552(a)(6)(A)(i) & (ii)). However, a requester cannot be compelled to administratively

exhaust an agency decision that is "the byproduct of litigation" (as opposed to "the pre-litigation

administrative decision-making process"). *Id.* Nor can a requester be compelled to administratively

exhaust an agency decision that "has been overtaken by new and different in-court disclosures and

explanations." *Id.* Accordingly, when an agency contradicts its administrative decision by making

new, *sua sponte* disclosures after the commencement of FOIA litigation, any motion to dismiss for

failure to exhaust administrative remedies—even where that motion would have been meritorious

prior to the additional disclosures—becomes moot. *See id.* at 35.

Such is the case here. The FBI initially claimed that it conducted an adequate search of the

places it would reasonably expect to find the requested records, but was "unable to identify . . .

records responsive" to Emery's request. ECF 21-2 at 4. Then, after Emery filed suit, the FBI

spontaneously conducted a broader search and released new documents. *Id.* In doing so, the FBI

implicitly abandoned its original position that such documents could not be located, thus

"render[ing] the propriety of the original agency decision—and any administrative challenges to

it—an entirely academic question." *Bayala*, 827 F.3d at 35. Only after the disclosure of the records

identified via the FBI's second search did the DOJ argue the case should be dismissed for failure

to exhaust the administrative appeal process. ECF 21 at 6-7. But by that point, it was too late. Any

valid argument that Emery had failed to exhaust his administrative remedies regarding the FBI's original decision had become moot. Therefore, the DOJ's Motion for Summary Judgment cannot be granted on the grounds that Emery failed to exhaust his administrative remedies.

**B. The DOJ's Motion for Summary Judgment is granted because the FBI discharged its obligations under FOIA and the Privacy Act.**

Having rejected the DOJ's argument that Emery failed to exhaust his administrative remedies, the Court instead grants summary judgment to Defendants on the grounds that the FBI's search and disclosure of records were adequate.

**1. The FBI's search was adequate.**

In support of its claim that it conducted an adequate search, the DOJ submitted a seventy-page declaration from Michael Seidel, Section Chief of the Record and Information Dissemination Section of the FBI. ECF 21-2. The Seidel declaration describes both the pre- and in-litigation searches for Emery's records. With regard to the former, the declaration states that the FBI conducted a search of its Central Records System and the manual indices at the Jackson field office, but was unable to identify any records responsive to Emery's requests. *Id.* at 13. With regard to the latter search, the declaration states that "[d]uring the litigation stage" of the request, the FBI conducted a new search, this time including the manual indices of the St. Louis and Kansas City field offices. *Id.* The second search, unlike the first, resulted in the identification of responsive records. *Id.* Seidel states that, given the nature of Emery's request, he is unaware of any other locations that would be reasonably likely to contain responsive records. *Id.* Emery does not contest Seidel's declaration. Because Emery was given explicit notice of the requirements of the summary judgment standard and the consequences of failing to respond with evidence of his own, ECF 23, the Court treats the facts set forth in Seidel's declaration as conceded. *See Neal*, 963 F.2d at 456.

In responding to a FOIA request, an agency is required only "to conduct a search reasonably calculated to uncover all relevant documents." *Porup*, 997 F.3d at 1237. An agency can show that it has satisfied that standard "by providing a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials were searched." *Id.* The Seidel affidavit more than satisfies that requirement. It describes in some detail the nature of the locations that were searched, as well as the tools used to locate responsive records in those locations. ECF 21-2 at 6–11. Seidel also avers that "[t]he FBI has searched all locations/systems reasonably likely to contain records responsive to [Emery's] request." *Id.* at 13. Those sworn assertions are sufficient to carry the DOJ's burden as to its search terms and methodology. Accordingly, the Court agrees with the DOJ that the search for records responsive to Emery's request was adequate.

### 2.  The FBI's disclosure of non-exempt records was adequate.

At this point, the DOJ's arguments with regard to the Privacy Act and FOIA diverge. Regarding the Privacy Act, the DOJ argues that the FBI is exempt from any requirement to disclose records pertaining to criminal investigations under that statute. ECF 21 at 7. Regarding FOIA, the DOJ invokes the following exemptions to justify the records that were withheld by the FBI: 6 (personal privacy), 7(C) (personal privacy in law enforcement records), 7(D) (confidential sources), and 7(E) (techniques and procedures). The DOJ further contends that the FBI released all reasonably segregable portions of those records that contained exempt information.

In evaluating whether the FBI's disclosures were adequate under the Privacy Act and FOIA, the Court again assumes the truth of the uncontested factual assertions in the Seidel declaration, ECF 21-2 at 1. *See Neal*, 963 F.2d at 456. The Court concludes that the FBI satisfied the disclosure requirements of both the Privacy Act and FOIA.

a. The Privacy Act

As a general matter, "the Privacy Act grants individuals the right to access agency records that pertain to them." *Majid v. FBI*, 245 F. Supp. 3d 63, 69 (D.D.C. 2017). However, the statute explicitly allows law enforcement agencies to "promulgate rules to exempt criminal records systems from these individual access . . . provisions, if the records contain information compiled for the purpose of a criminal investigation." *Id.* at 69. Such records include "reports of informants and investigators, and [those] associated with an identifiable individual." *Id.* at 69–70 (quoting 5 U.S.C. § 552a(j)(2)(B)). The FBI has exercised that authority to exempt its Central Records System from the individual access provisions of the Privacy Act. *Id.* at 70 (citing 28 C.F.R. § 16.96). The FBI is a law enforcement agency that compiled the responsive records in this case in the course of the investigation of several individuals for potential violations of federal criminal law. ECF 21-2 at 14–15. Emery does not contest that fact. Therefore, the Privacy Act does not require the FBI to disclose any of the responsive records in this case.

b. FOIA Exemptions 6 and 7(C)

FOIA Exemption 6 provides that the disclosure requirements of FOIA do not apply to "personnel and medical files and similar files[5] the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 7(C), more specifically, exempts from disclosure "records or information *compiled for law enforcement purposes*" when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C) (emphasis added). Each exception requires the court

---

[5] Despite its use of the phrase "personnel and medical files and similar files," the applicability of Exemption 6 does not "turn upon the label of the file which contains damaging information." *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 601 (1982). Exemption 6 also exempts the personal information contained in any non-personnel or medical file—such as names, addresses, and social security numbers—if the release of that information would threaten the individual's privacy. *See Carter v. U.S. Dep't of Com.*, 830 F.2d 388, 391 (D.C. Cir. 1987).

to balance the privacy interests of the affected individuals against the public interest served by disclosure. *See U.S. Dep't of Def. v. Fed. Lab. Rels. Auth.*, 510 U.S. 487, 496 n.6 (1994). The Court finds that the case law supports the FBI's use of Exemptions 6 and 7(C).

Here, the FBI, citing Exemptions 6 and 7(C), withheld the names and identifying information of individuals who provided information to the FBI, third parties mentioned in an investigation, FBI Special Agents and professional staff, local law enforcement personnel, and non-FBI employees who assisted in an investigation. ECF 21-2 at 18–26. According to the Seidel declaration, the FBI withheld the names and identifying information of those individuals because, after independently reviewing each piece of information, the FBI could not identify any public interest in the disclosure of that information. *Id.* at 19, 20. Emery provides no reason why the public interest in disclosure of these records outweighs the FBI's asserted interest in protecting the safety of government personnel and the anonymity on which those who share information with the FBI rely. Thus, the Court finds that the FBI properly invoked Exemptions 6 and 7(C).

c.   FOIA Exemption 7(D)

FOIA Exemption 7(D) provides that the disclosure requirements of FOIA do not apply to "records or information compiled for law enforcement purposes" that "could reasonably be expected to disclose the identity of a confidential source" and, "in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation . . . , information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D). Exemption 7(D) "requires no balancing of public and private interests." *Roth v. U.S. Dep't of Just.*, 642 F.3d 1161, 1184 (D.C. Cir. 2011). If the "production of criminal investigative records could reasonably be expected to disclose the identity of a confidential source or information furnished

by such a source, that ends the matter, and the agency is entitled to withhold the records under Exemption 7(D)." *Gilliam v. U.S. Dep't of Just.*, 236 F. Supp. 3d 259, 266 (D.D.C. 2017).

The FBI is a law enforcement agency that compiled the responsive records in the course of its investigation of several individuals for potential violations of federal criminal law. ECF 21-2 at 14–15. Pursuant to Exemption 7(D), the FBI withheld the names of confidential sources, their identifying information and the information they provided, and the "symbol number" of a confidential source. *Id.* at 27, 29–30. Any of that information, if disclosed, could reasonably be expected to reveal the identity of a source or the information furnished by a source. Emery does not contest these facts. Therefore, the Court concludes that the FBI properly invoked Exemption 7(D).

### d.  FOIA Exemption 7(E)

FOIA Exemption 7(E) provides that the disclosure requirements of FOIA do not apply to "records or information compiled for law enforcement purposes" that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Exemption 7(E) requires only that the agency "demonstrate logically how the release of the requested information might create a risk of circumvention of the law." *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011).

Again, the FBI is a law enforcement agency that compiled the responsive records in the course of its investigation of several individuals for potential violations of federal criminal law. ECF 21-2 at 14–15. The FBI applied Exemption 7(E) to protect non-public investigative techniques and procedures from public disclosure. *Id.* at 32–34. The information that was withheld related to the collection and analysis of information, including surveillance techniques. *Id.* If

publicly known, those techniques and procedures could potentially be circumvented by criminals to evade law enforcement. *Id.* at 32–34. Emery does not contest these facts. Accordingly, the Court concludes that the FBI properly invoked Exemption 7(E).

e.   Segregability

FOIA requires that, even if "some materials are exempt from disclosure, any reasonably segregable information from those documents must be disclosed after redaction of the exempt information[,] unless the exempt portions are inextricably intertwined with exempt portions." *Johnson*, 310 F. 3d at 776. An agency may show that it has complied with this requirement by "(1) providing a Vaughn index that adequately describes each withheld document and the exemption under which it was withheld; and (2) submitting a declaration attesting that the agency released all segregable material." *Nat'l Sec. Couns.,* 960 F. Supp. 2d at 207. The FBI has successfully met that burden here by submitting a Vaughn index, ECF 21-2 at 57–64, as well as a sworn declaration that it carefully reviewed the responsive records "on a line-by-line and page-by-page basis to identify reasonably segregable, non-exempt information" and determined that there is no additional information that "may be reasonably segregated and released without disclosing information that warrants protection under a FOIA exemption." *Id.* at 13. Emery has offered no evidence to contradict that declaration, to show bad faith on the part of the FBI, or to rebut the presumption that the agency disclosed all reasonably segregable material. *See Sussman*, 494 F.3d at 1117. Accordingly, the Court concludes that the FBI released all reasonably non-segregable information from the responsive records and grants the DOJ's Motion for Summary Judgment.

**C.   Plaintiff's Motion to Assess Court Costs to Defendant is denied because Emery has not "substantially prevailed" in this litigation.**

Also pending before the Court is Emery's Motion to Assess Court Costs to the Respondents. ECF 20. In that motion, Emery complains that he was "forced" to file this lawsuit to

compel the DOJ to comply with his FOIA request. *Id.* at 1. In Emery's view, since the FBI produced additional documents after the commencement of this litigation, he should be treated as a de facto prevailing party and awarded reasonable costs. *Id.* The Court disagrees.

FOIA authorizes a court, at its discretion, to shift fees where a complainant has "substantially prevailed" in litigation. 5 U.S.C. § 552(a)(4)(E)(ii). A plaintiff has substantially prevailed when he has "obtained relief" in one of two ways: "(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.* To prevail under the second prong (the so-called "catalyst theory," *Grand Canyon Tr. v. Bernhardt*, 947 F.3d 94, 96 (D.C. Cir. 2020)), a plaintiff must show that "it is more probable than not" that "the litigation caused the agency to release the documents obtained." *Id.* at 97. In addition, a plaintiff cannot recover fees under the second prong if the agency can show that its initial refusal was "correct as a matter of law." *Brayton v. Off. of the U.S. Trade Rep.*, 641 F.3d 521, 525 (D.C. Cir. 2011).

Emery has not prevailed under the first prong of 5 U.S.C. § 552(a)(4)(E)(ii). On the contrary, the Court today grants summary judgment in favor of the FBI. As for the second prong, Emery offers no evidence that his initiation of the litigation caused the FBI to release the additional documents. Nor can the Court conclude that the FBI's initial refusal was incorrect as a matter of law, considering that Emery failed to exhaust his administrative remedies with regard to that decision, thus denying the agency a full opportunity to adjudicate its refusal within the bounds of the administrative process. Therefore, Emery's Motion to Assess Court Costs is denied.

**IV. CONCLUSION**

Because the FBI's search was adequate, the DOJ's Motion for Summary Judgment, ECF

21, is **GRANTED**. Because Emery is not the prevailing party on any legal claim, his Motion to

Assess Court Costs to the Respondents, ECF 20, is **DENIED**.

A separate order accompanies this opinion.


**SO ORDERED**.

Dated:  October 31, 2022

_____

Jia M. Cobb
U.S. District Court Judge